UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAURA HERNANDEZ

    Plaintiff(s)                Case No. 3:14-cv-

v.

DYCK-O'NEAL, INC.;
LAW OFFICES OF DANIEL
C. CONSUEGRA, P.L.

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

LAURA HERNANDEZ ("Ms. Hernandez" or "Plaintiff") sues DYCK-O'NEAL, INC. ("DYCK-O'NEAL") and LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. ("CONSUEGRA") (Collectively "Defendants"), and states:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendants DYCK-O'NEAL and CONSUEGRA for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA"), which, inter alia, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices, and against DYCK O'NEAL for its violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA").

### II. PARTIES

2. Plaintiff is a natural person residing in Duval County, FL. At all times material,

1

Plaintiff resided in Duval County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. DYCK-O'NEAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 1301 South Bowen Road Suite 140, Arlington, TX 76013. DYCK-O'NEAL's principal business is the collection of third party debts.

4. CONSUEGRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. The term "debt collector" as defined by the FDCPA applies to a lawyer or law firm who regularly, through litigation, tries to collect consumer debts. *See Heintz v. Jenkins*, 514 U.S. 291 (1995).

### III. JURISDICTION AND VENUE

6. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by Defendants took place in Jacksonville, Duval County, FL.

### IV. FACTUAL ALLEGATIONS

7. On May 2, 2014, DYCK-O'NEAL sent a collection notice to Plaintiff. A copy of the May 2nd Collection Notice is attached as Exhibit 1.

8. The debt at issue arises from Plaintiff's purchase of her former residence.

9. The May 2nd Collection Notice constituted the initial communication between DYCK-O'NEAL and Plaintiff.

10. The May 2nd Collection Notice referenced Fannie Mae Deficiencies.

11. The May 2nd Collection Notice failed to identify the principal balance of the debt.

12. The May 2nd Collection Notice failed to inform Plaintiff of her right to dispute the

debt.

13. On May 19, 2014 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:14-bk-2481-JAF (the "Bankruptcy Case").

14. Plaintiff filed her Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting her in collection efforts; (ii) from the Bankruptcy Court an order of discharge pursuant to 11 U.S.C. § 727; and (iii) a financial "fresh start".

15. As required by the Bankruptcy Code, Plaintiff filed her schedules, lists, and statements in her Bankruptcy Case. Included in the Schedule F of unsecured creditors was "Dyck-O'Neal, PO Box 13370, Arlington, TX 76094-0370" as Assignee for First Magnus Financial Corporation. Plaintiff also listed First Magnuson on her Schedule F with a claim balance of $100,000 and Account Number 5270. The relevant page from Plaintiff's Schedule F is attached as Exhibit 2.

16. On May 23, 2014, DYCK O'NEAL, received electronic notice of the Bankruptcy Case and the meeting of creditors. *See* Certificate of Notice, Doc. No. 6, page 1 of 4, attached as Exhibit 3.

17. On June 4, 2014, CONSUEGRA sent a collection notice to Plaintiff to collect the debt owed to DYCK-O'NEAL. A copy of the June 4th Collection Notice is attached as Exhibit 4.

18. On June 16, 2014, CONSUEGRA, at the direction of DYCK-O'NEAL, filed suit against Plaintiff in Duval County Circuit Court, Case #16-2014-CA-004085-XXXX-MA seeking to collect the pre-petition debt listed in Plaintiff's bankruptcy schedules. Copies of the Summons

and Complaint are attached as Exhibit 5.

19. Defendants failed to use reasonable steps for collection of accounts prior to serving Plaintiff with the Summons and Complaint. Such steps would include, at a minimum, a BANKO or PACER search for bankruptcy activity related to the account and/or Plaintiff.

## V. CLAIMS FOR RELIEF

### COUNT I – FDCPA VIOLATIONS – DYCK O'NEAL

20. The Plaintiff realleges paragraphs one (1) through nineteen (19) above.

21. In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

22. While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

23. "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

24. The fact that the offensive action consisted of a legal action, namely service of a

Summons and Complaint, does not obviate DYCK-O'NEAL of liability. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (holding "that the [Fair Debt Collection Practices] Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, **even when that activity consists of litigation**." (emphasis added)).

25. DYCK-O'NEAL violated the FDCPA. Its violations include, but are not limited to, the following:

    a. The May 2nd Collection Letter constituted the initial communication, however DYCK-O'NEAL failed to provide the information required by 15 U.S.C. § 1692g.

    b. The May 2nd Collection Letter failed to state the amount of the debt, therefore DYCK-O'NEAL violated 15 U.S.C. § 1692g(a)(1).

    c. The May 2nd Collection Letter failed to state the consumer's right to dispute the debt within thirty (30) days, therefore DYCK-O'NEAL violated 15 U.S.C. § 1692g(a)(3).

    d. The May 2nd Collection Letter failed to state that if the consumer disputes the debt, that the debt collector would provide verification of the debt, therefore DYCK-O'NEAL violated 15 U.S.C. § 1692g(a)(4).

    e. DYCK-O'NEAL could have complied with both the FDCPA and FCCPA by including the proper 15 U.S.C. § 1692g information in the initial communication provided in accordance with FCCPA § 559.715. The FCCPA does not subsume the FDCPA and the FCCPA is intended to offer greater protection to the consumer in addition to rights bestowed on consumers by the FDCPA.

    f. DYCK-O'NEAL misrepresented the character, amount, and legal status of

the debt in violation of 15 U.S.C. § 1692e(2)(A) as the Complaint stated "[t]he amount due under the Final Judgment of Foreclosure is $233,838.62." *See* Exhibit 5. However, the Plaintiff's liability for the judgment was not "due" as she had filed for bankruptcy and was protected by the automatic stay as provided by 11 U.S.C. § 362.

    g.    The Bankruptcy Code prohibits preferential payments of creditors and DYCK-O'NEAL sought preferential payment. Each of Plaintiff's unsecured creditors was entitled to receive its pro rata share of any distribution through the Chapter 7 case, which is often only a small percentage of any given unsecured claim. By attempting to receive a distribution greater than its pro rata share, DYCK-O'NEAL's filing of the Complaint violated 15 U.S.C. 1692f as an unfair or unconscionable means to collect the alleged debt.

    h.    By attempting to collect a debt subject to the automatic stay, DYCK-O'NEAL's debt collection was not permitted by applicable law and therefore violated 15 U.S.C. § 1692f(1).

    i.    Defendant threatened to take action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5). By demanding judgment against Plaintiff for $97,838.62 plus interest, costs and attorney fees, DYCK O'NEAL implicitly threatened further legal action, which could not legally be taken given the Plaintiff's pending bankruptcy, which stayed any collection activity.

    j.    By serving a Summons and Complaint on a debtor in bankruptcy, DYCK-O'NEAL used unfair means to attempt to collect the debt thereby violating 15 U.S.C. § 1692f(1). Specifically, DYCK-O'NEAL sought to recover amounts not permitted by law.

26.    DYCK-O'NEAL violated multiple provisions of the FDCPA as outlined above.

Accordingly, DYCK-O'NEAL is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

## COUNT II – FCCPA VIOLATIONS – DYCK-O'NEAL

27. The Plaintiff realleges paragraphs one (1) through nineteen (19) above.

28. The FCCPA applies given that: (1) the underlying debt was a consumer debt as defined by FCCPA Section 559.55(1), as the money relating to the underlying debt transaction was used for personal, family or household purposes; (2) Plaintiff is a consumer as defined by FCCPA Section 559.55(2), as Plaintiff is a person obligated to pay a consumer debt (FCCPA Section 559.55(2); and (3) DYCK-O'NEAL is a debt collector as defined by FCCPA 559.55(6), as DYCK-O'NEAL is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and DYCK-O'NEAL does not fall within any of the enumerated exceptions to the definition of a debt collector listed under Section 559.55(6).

29. As outlined above, Plaintiff filed Chapter 7 bankruptcy and included DYCK-O'NEAL on her Schedule F of unsecured creditors.

30. As outlined above, DYCK-O'NEAL attempted to collect the debt by serving Plaintiff with a Summons and Complaint on or about June 16, 2014.

31. DYCK-O'NEAL failed to use reasonable steps for collection of accounts prior to serving Plaintiff with the Summons and Complaint. Such steps would include, at a minimum, a BANKO or PACER search for bankruptcy activity related to the account and/or Plaintiff.

32. DYCK-O'NEAL violated the FCCPA. Its violations include, but are not limited to:

    a. DYCK-O'NEAL contacted Plaintiff directly when DYCK-O'NEAL knew

that Plaintiff all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA. DYCK-O'NEAL knew of the Plaintiff's bankruptcy case and that Plaintiff was represented by counsel in connection with the debt.

b.  DYCK-O'NEAL received electronic notice of the bankruptcy on May 23, 2014. *See* Exhibit 3. The Section 341 Notice in Ms. Hernandez' bankruptcy case identified Keith Collier as bankruptcy counsel. DYCK-O'NEAL received a copy of the 341 Notice by electronic service on May 23, 2014. See paragraph 11 supra.

c.  DYCK-O'NEAL attempted to receive immediate and full payment for a debt that was known to be subject to discharge, thereby violating § 559.72(9) of the FCCPA. DYCK-O'NEAL knew of the Debtor's bankruptcy and that collection of the debt was prohibited by the Bankruptcy Code.

33.  Pursuant to Florida Statute § 559.77, DYCK-O'NEAL is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## COUNT III – FDCPA VIOLATION – CONSUEGRA

34.  The Plaintiff realleges paragraphs one (1) through nineteen (19) above.

35.  In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

36.  CONSUEGRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (holding "that the [Fair Debt Collection Practices]

Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity).

37. While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

38. "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

39. The fact that the offensive action consisted of a legal action, namely service of a Summons and Complaint, does not obviate CONSUEGRA of liability. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (holding "that the [Fair Debt Collection Practices] Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, **even when that activity consists of litigation**." (emphasis added)).

40. CONSUEGRA violated the FDCPA. Its violations include, but are not limited to, the following:

    a. On or about June 16, 2014, CONSUEGRA file a Complaint against Plaintiff seeking to collect the consumer debt.

    b. CONSUEGRA misrepresented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A). The Complaint asserted a deficiency

owed by Plaintiff of $97,838.62. The Complaint did not contain a bankruptcy disclaimer.

  c. The Bankruptcy Code prohibits preferential payments of creditors and DYCK-O'NEAL sought preferential payment. Each of Plaintiff's unsecured creditors was entitled to receive its pro rata share of any distribution through the Chapter 7 case, which is often only a small percentage of any given unsecured claim. By attempting to receive a distribution greater than its pro rata share, CONSUEGRA's filing of the Complaint violated 15 U.S.C. 1692f as an unfair or unconscionable means to collect the alleged debt.

  d. By attempting to collect a debt subject to the automatic stay, CONSUEGRA's debt collection was not permitted by applicable law and therefore violated 15 U.S.C. § 1692f(1).

  e. Defendant threatened to take action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5). By demanding judgment against Plaintiff for $97,838.62 plus interest, costs and attorney fees, CONSUEGRA implicitly threatened further legal action, which could not legally be taken given the Plaintiff's pending bankruptcy, which stayed any collection activity.

  f. By serving a Summons and Complaint on a debtor in bankruptcy, CONSUEGRA used unfair means to attempt to collect the debt thereby violating 15 U.S.C. § 1692f(1). Specifically, CONSUEGRA sought to recover amounts not permitted by law.

  g. CONSUEGRA misrepresented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) as the June 4th Collection Notice stated "[t]he principal amount of the debt is $97,838.62." *See* Exhibit 4. The June 4th Collection

Notice did not clearly explain Plaintiff's rights given her bankruptcy filing. The June 4th Collection Notice did contain a bankruptcy disclaim, however, a least sophisticated consumer would not have understood the bankruptcy disclaimer inconspicuously placed on the 2nd page of the June 4th Collection Notice when collection language was conspicuously placed on the 1st page as follows: "**NOTICE OF DEBT**" AND "**THIS NOTICE IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**"

  h. This conspicuous language on the 1st page of the June 4th Collection Notice overshadowed the bankruptcy disclaimer on the 2nd page.

  i. A least sophisticated consumer would not have understood she could ignore this notice, particularly when she had listed the claim on her schedules and filed bankruptcy in order to stop all collection activity.

41. CONSUEGRA violated multiple provisions of the FDCPA as outlined above. Accordingly, CONSUEGRA is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Ms. Hernandez finding DYCK-O'NEAL violated the above stated provisions of the FDCPA and FCCPA; (ii) declaratory judgment in favor of Ms. Hernandez finding CONSUEGRA violated the above stated provisions of the FDCPA; (iii) judgment in favor of Ms. Hernandez awarding actual, statutory, and punitive damages; (iv) an award equal to any and all attorney fees and costs associated with bringing this action; and (v) any and all other relief that the Court deems

necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 16 day of September, 2014.

                                      Law Offices of Mickler & Mickler

By: *[signature]*
      TAYLOR J. KING
      Attorney for Plaintiff
      5452 Arlington Expressway
      Jacksonville, Florida 32211
      (904) 725-0822\FAX 725-0855
      Florida Bar No. 72049
      tjking@planlaw.com